

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 17, 2025

**BY ECF**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Mario Powell*, 23 Cr. 229 (JPC)

Dear Judge Cronan:

      The Government writes to respectfully request that the Court revisit its decision to defer ruling on of one of the Government's motions *in limine* in the above-captioned case. Specifically, the Government requests that the Court admit the Victim's near-contemporaneous statements identifying to other corrections officers the defendant as his attacker for the truth of the matter asserted. For the reasons set forth below, in light of the Section 3500 materials disclosed to the defendant, there is no longer any meaningful uncertainty as to any aspect of the anticipated witness testimony bearing on the admissibility of the Victim's statements making the identification, which are archetypal excited utterances and present sense impressions, both exceptions to the bar on hearsay. With that said, because the Victim and others will be testifying at the trial regarding the Victim's prior identification of the defendant as the perpetrator of the crime against the Victim, the Victim's statements making that identification are independently admissible as non-hearsay under Federal Rule of Evidence 801(d)(1)(C). Accordingly, the Government respectfully requests that the Court rule on the admissibility of the Victim's statements, both through the Victim himself and the other corrections officers who witnessed those same statements, laid out and now made concrete through the Section 3500 materials, both on the grounds that they qualify as clear exceptions to hearsay, and even more straightforwardly and in the alternative because they are definitionally *not* hearsay as statements of a prior identification.

      On August 11, 2025, the Government moved *in limine* to admit testimony from witnesses at trial about the Victim's statements describing the assault at issue in this case and identifying the Victim's assailant. As the Government explained, the statements are admissible both as present sense impressions and excited utterances. (Dkt. 61 at 10-12). The defendant has never offered any argument as to why the statements would not be admissible under either exception to the hearsay rule. Instead, the defendant opposed the Government's motion as premature because the Government had not "offer[ed] the exact statements it intends to introduce, along with the circumstances under which such statements were made." (Dkt. 63 at 12). At the final pretrial conference on September 10, 2025, the Court deferred ruling on the issue and instructed the Government to seek advance permission from the Court at trial prior to eliciting testimony regarding the Victim's statements. (09/10/25 Tr. at 28).

Page 2

Disclosures produced following the final pretrial conference establish beyond any doubt that the statements should be admitted and that the Court can decide the issue prior to trial. Since the final pretrial conference, the Government has produced additional Section 3500 materials, including materials that provide additional information regarding the Victim's statements and the context in which he made them. Witness testimony, including the Victim's own testimony,[1] will establish the following:

- The Victim activated his body alarm moments after the attack.

- MCC employees responded to the housing unit within a minute or two, if not less— a matter of seconds.

- As the first responding MCC employees entered the housing unit, the Victim pointed at the defendant and said, in substance, that the defendant had cut him.

- At the time the Victim made the identification described above, he was suffering from a laceration on his neck and in a state of shock and significant emotional distress.

For the reasons set forth in the Government's memorandum of law in support of its motion *in limine*, these facts plainly support the admission of the defendant's statements as present sense impressions and excited utterances, pursuant to Federal Rules of Evidence 803(1) and (2), respectively. (*See* Dkt. 61 at 10-12). If the defendant—who has been provided Section 3500 materials reflecting the anticipated testimony summarized above—disagrees, he should explain why.

In addition, because the Victim will testify and be subject to cross-examination, his statements are independently admissible non-hearsay as a prior identification by a testifying witness of a person he had previously perceived. *See* Fed. R. Evid. 801(d)(1)(C) (providing that a statement that "identifies a person as someone the declarant perceived earlier" is not hearsay provided that the declarant testifies and is subject to cross-examination). As statements identifying a person previously perceived by the Victim, the statements pointing out the defendant, without more, are "properly admitted as [ ] non-hearsay statement[s] of identification pursuant to Rule 801(d)(1)(C) of the Federal Rules of Evidence." *United States v. Ramsay*, 173 F.3d 847, 1999 WL 132229 at *2 (2d Cir. Mar. 5, 1999) (table). *See also United States v. Salameh*, 152 F.3d 88, 125 (1998) ("A prior identification is admissible under Fed. R. Evid. 801(d)(1)(C), regardless of whether the witness confirms the identification in-court.").

At this time, a pretrial ruling on the admissibility of these statements would streamline the trial and avoid prejudice to the Government. In the absence of such a ruling, the proceedings will likely be interrupted by the need to consider objections at sidebar during critical moments of the trial: the Government's opening statement, and in the middle of witness testimony regarding the immediate aftermath of the attack. Such interruptions are unnecessary for straightforwardly admissible testimony. *See, e.g.*, *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial . . . without lengthy argument at, or interruption of, the trial."). And of course, if the

---

[1] The admission of the identification therefore does not implicate the Confrontation Clause.

previewed testimony does not come in to evidence in substance as the Government has described it, any *in limine* ruling now from the Court would no longer control.

      Accordingly, the Government respectfully requests that the Court issue a pretrial order permitting the admission of the Victim's near-contemporaneous identification of the defendant, or, in the alternative, permitting the Government to refer to the identification in its opening statement.

Respectfully submitted,

By: _____
Leslie B. Arffa
Henry L. Ross
Thomas John Wright
Assistant United States Attorneys
(212) 637-6522 / 2442 / 2295

cc:   Defense counsel (by ECF)

Defendant is ordered to respond to the Government's letter motion, Dkt. 69, by September 19, 2025, at 5:00 P.M.

SO ORDERED.
Date: September 17, 2025
New York, New York

_____
JOHN P. CRONAN
United States District Judge