UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                              :
:
:
:
-v-                                                                :
:                            23 Cr. 229 (JPC)
MARIO POWELL,                                             :
:                            OPINION AND ORDER
                              Defendant.                    :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The Government previously filed a motion *in limine* seeking to permit "the admission of certain statements made by the victim regarding the assault and his assailant as present sense impressions and excited utterances, pursuant to Federal Rules of Evidence 803(1) and (2), respectively." Dkt. 61 at 1. At the final pretrial conference, the Court "defer[red] ruling on the admitting of these statements until [it] hear[s] the precise testimony at trial from any officer who would be offering the statement," which "would allow" the Court "to determine whether the officer has established a foundation that satisfies the requirements for a present sense impression and/or for an excited utterance." Sept. 10, 2025, Tr. at 28:7-12. The Government has since renewed its motion, explaining that "in light of the Section 3500 materials disclosed to the defendant, there is no longer any meaningful uncertainty as to any aspect of the anticipated witness testimony bearing on the admissibility of the Victim's statements making the identification, which are archetypal excited utterances and present sense impressions." Dkt. 69 at 1. Alternatively, the Government explained, "because the Victim and others will be testifying at the trial regarding the Victim's prior identification of the defendant as the perpetrator of the crime against the Victim, the Victim's statements making that identification are independently admissible as non-hearsay under Federal Rule of Evidence 801(d)(1)(C)." *Id.*

Defendant, for his part, argues that notwithstanding the Government's disclosure of its witnesses' Section 3500 material, "the proper foundation for a ruling" on the present-sense-impression and excited-utterance hearsay exceptions "has not been laid" yet. Dkt. 71 at 1-2. He does not, however, object to the victim "testify[ing] as to the statements he made to other officers identifying [Defendant] as the inmate who assaulted him under" Rule 801(d)(1)(C), "provided that the victim does indeed testify and is subject to cross-examination." *Id.* at 2.

The Court agrees with the Government that testimony as to the victim's prior identification of Defendant would be admissible under Rule 801(d)(1)(C), provided the victim testifies and is subject to cross-examination. That rule defines as non-hearsay a declarant-witness's prior statement where the "declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1)(C). While Defendant cabins his non-objection to the scenario of the victim himself testifying about his prior-identification statement, the Court notes that the victim need not be the only witness who testifies as to his prior identification, as the Rule "remains fully applicable when the person who testifies to the statement of identification is not the person who uttered it, so long as the latter also testifies and is available for cross-examination." *United States v. Elemy*, 656 F.2d 507, 508-09 (9th Cir. 1981) (collecting cases). Indeed, the Second Circuit has long "approved of admitting evidence of prior identification . . . by the declarant's 'own testimony and also by that of others corroborating his version of the details.'" *United States v. Lewis*, 565 F.2d 1248, 1252 (2d Cir. 1977) (quoting *United States v. Miller*, 381 F.2d 529, 538 (2d Cir. 1967)). So long as the victim testifies and is available for cross-examination, his and others' testimony about the prior-identification statement is admissible non-hearsay.

At this time, the Court declines to revisit its prior decision deferring ruling as to the admissibility of the statement under the hearsay exceptions for a present sense impression and

excited utterance.  Should the prior-identification testimony not meet the threshold criteria of Rule 801(d)(1)(C), the Government shall advise the Court during trial which witness will seek to offer the statement as a present sense impression or an excited utterance, and after assessing any foundation for the statement, the Court will rule on its admissibility under Rule 803(1) and (2) outside the presence of the jury.  *See* Sept. 10, 2025, Tr. at 28:13-21.

The Court thus grants in part the Government's motion *in limine*.  The Clerk of Court is respectfully directed to close the motion at Docket Number 69.

SO ORDERED.

Dated: September 19, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge