

**Kestine M. Thiele, Esq.**

305 Broadway, Suite 700
New York, New York
(212) 542-3860
kestine@kthielelaw.com

September 20, 2025

**Via ECF & E-MAIL**
The Honorable John P. Cronan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

          **Re:** *United States v. Mario Powell*, 22 Cr. 229 (JPC)

Dear Judge Cronan:

     As the Court is aware, we represent Mario Powell in the above-referenced matter, having been appointed pursuant to the provisions of the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. We are currently scheduled to begin trial on September 22, 2025.

     We move *in limine* for the exclusion of a proposed Government exhibit produced to defense counsel for the first time on the night of September 18, 2025. In its accompanying e-mail, the Government provided "notice" of its intention to move two business records into evidence through certifications, pursuant to Federal Rule of Evidence 902(11). Here, we address only what has been marked as "GX-108" and its certification.[1]

     GX-108, the proposed "record," is a short Excel spreadsheet in .xlsx format, that seems to indicate that certain cameras were installed in and around Unit 7 North at the Metropolitan Correction Center ("MCC") on June 26, 2020, approximately one month after the charged offense was allegedly committed by Mr. Powell. It has various headings, including but not limited to, camera location, device type, hostname, IP address, default gateway, and installation date. It does not contain an original file name, any information about which company or organization hosted or created the document, entries other than those relevant to Unit 7 North, timestamps or author names. It is also in editable format.

     The Government should be precluded from introducing GX-108 for the following reasons:

---

[1] Attached are GX-108 and its certification.

- Under Rule 16, the exhibit's untimely disclosure on the eve of trial is in direct violation of the Government's discovery obligations and prevents defense investigation and meaningful use of the exhibit at trial. Fed. R. Crim. P. 16. The Government's failure to comply is sufficient grounds alone for the Court to exclude the evidence at Mr. Powell's trial, pursuant to Rule 16(d)(2).

- Rule 902(11) states that "the proponent must give an adverse party *reasonable* written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge it." Fed. R. Evid. 902(11) (emphasis added). One business day before the start of trial provides the defense neither "reasonable" notice nor "fair opportunity" to inspect and or challenge the record and its certification.

- Even if production and notice had been timely, under Rule 16 and Rule 902(11), which it was not, Rule 803(6) would demand its preclusion, as the exhibit lacks trustworthiness.

"In deciding what remedy is appropriate under Rule 16(d)(2), the district court should consider, *inter alia*, whether the defendant was prejudiced by the government's delay in disclosing the evidence in question[.]" *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990) (citations omitted). The Government's eleventh-hour disclosure is in violation of Rule 16, and its admission at trial would materially impede the preparation of the defense and unfairly prejudice Mr. Powell. Prior to the evening of September 18, 2025, when we first received notice of the Government's intention to offer GX-108 as an exhibit, we were not aware the file existed. No such evidence had been previously produced in Rule 16 discovery.

Prior to the production of GX-108, defense counsel's understanding was that there were cameras on Unit 7 North, but to our knowledge, there was no surveillance footage collected of the assault on Corrections Officer Raheem Uddin on May 30, 2020. At the request of the defense, on August 13, 2025, both parties toured Unit 7 North at the MCC, and observed numerous cameras covering nearly the entire unit. The 3500 material of multiple witnesses produced on September 5, 2025, September 13, 2025 and September 17, 2025, suggests that there were cameras, at the very least installed on the unit, at the time of the assault charged. Though certain statements suggest that the cameras at MCC were frequently inoperative, defective or footage was overridden, there is nothing in the 3500 material, thus far, that suggests that the cameras on 7 North were inoperative at the time of the assault or that cameras had not been installed until the month after the incident. If our present interpretation of GX-108 is correct, it would turn our prior understanding (from our own investigation and Government witness statements)—an understanding on which we relied in the preparation of Mr. Powell's defense—on its head.

Disclosure at this late stage frustrates the principal purpose of Rule 16, as it leaves the defense no time to investigate the file's contents, retain an expert to, for example, evaluate metadata or system exports, subpoena custodians or test the authenticity of the document. Additionally, because the Government has not provided a copy of the original file with its corresponding metadata, as well as clear details about the document's creation, author, storage and retrieval, we

lack the necessary information, context and time to (1) properly interpret the exhibit, (2) meaningfully use it in Mr. Powell's defense, and (3) challenge its authenticity.[2] At this stage, the Government's Rule 16 violation can only be cured by the preclusion of the exhibit.

GX-108 should likewise be precluded for untimeliness under Rule 902(11). Though we were given written notice of the Government's intent to admit this "self-authenticating record," notice was far from reasonable, and the underlying record and certification, has not been made available for our inspection. *See* Fed. R. Evid. 902(11). This notice requirement "is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902(11) advisory committee's note. For the same reasons previously stated, admitting this exhibit now would foreclose Mr. Powell's "fair opportunity to challenge" the record and its certification. *Id.*

Pursuant to Rule 901(a), "[t]o satisfy the requirement of authenticating an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. GX-108, as it was produced to us, is in a condition that creates suspicion as to its authenticity. For a document to be admitted under Rule 902(11), it should be clear what it is. It should have qualities that render it authentic and trustworthy. There is nothing self-evident about the provenance and content of a single-page, electronically editable Excel spreadsheet that, as mentioned above, does not have its original metadata, information about which company or organization hosted or created the document, entries other than those relevant to Unit 7 North, timestamps or author names. It seems to be a summary, a document prepared in anticipation for or for the purpose of litigation, not a business record.[3] And that must be the case, given even the limited metadata we have. The file was created in 2013, long before the alleged offense conduct, and was edited most recently in 2021, the year after. What was produced at GX-

---

[2] On September 19, 2025, defense counsel requested, via e-mail, an original copy of the file, along with its underlying metadata, and details about when the document was created, who created it, where it was stored, and when and from whom it was retrieved. In response, the Government wrote: "The metadata reflects that the original record was created in 2013, and was last updated in 2021 by Hughwon Daniel, the same person who is providing the 902(11) certification. So, the custodian of the record is also the person who entered the information into the record." This response is insufficient. It does not directly respond to defense counsel's inquiry, and it demands further investigation.

When defense counsel extracted the metadata available, it reflected a creator by the name of Steve Passmore, with the Federal Bureau of Prisons, not Hughwon Daniel, and a last modification date of September 18, 2025, by AUSA Leslie Arffa. That is not to suggest that AUSA Arffa has done anything other than rename the file, as transmitted to her, to "GX-108." However, the point is, the metadata that the defense extracted is inconsistent with that accessible to the Government, shows a different author/creator, and provides no clarity around the timing of the creation of the specific record the Government intends to admit. In fact, the metadata shared by the Government suggests that the "record," or at least the underlying record or document from which GX-108 was pulled, was created seven years before June 2020, the date to which the entries of GX-108 relate, and was also modified or otherwise edited in 2021, potentially a year or at least many months later.

[3] A document prepared for litigation may be deemed to lack "trustworthiness" and "many of the normal checks upon…accuracy" that accompany a business record. *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984) (a special audit report ordered by a trust fund trustee, who suspected irregularity, was not a business record made in the ordinary course and was not admissible under Fed. R. Evid. 803(6) exception to hearsay; *In re Hechinger Liquid. Trust*, 298 B.R. 240, 242-43 (Bankr. D. Del. 2003) (a "transaction detail report" generated by a third party for use by defendant in a bankruptcy avoidance action was not protected by the Fed. R. Evid. 803(6) business records exception to hearsay because there was no evidence that the report was made in the ordinary course of business by the third-party creator).

108 seems to contain summary data extracted from a larger document, which was continuously editable to various authors within the Bureau of Prisons for a period of about seven years. This exhibit does not have the characteristics to be considered a "business record" lacks indicia of trustworthiness.

Although the "principal precondition" to admissibility is the sufficient trustworthiness of the record, *Saks Int'l, Inc. v. M/V Export Champion*, 817 F.2d 1011, 1013 (2d Cir. 1987), the proffered record must meet all the requirements of the exception. *United States v. Freidin*, 849 F.2d 716 (2d Cir. 1988). Rule 803(6) provides that evidence is "not excluded by the rule against hearsay" if (A) "the record was made at or near the time by – or from information transmitted by – someone with knowledge"; (B) "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (C) "making the record was a regular practice of that activity." In addition, the conditions set forth in Rule 803(6)(A) through (C) must either be shown by the testimony of a record custodian or other qualified witness, or by a certification that complies with Rule 902(11), and "the opponent does not show that the source of information nor or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6), (D)-(E). Rules 902(11) and 803(6) are designed to work in tandem. *United States v. Komasa*, 767 F.3d 151, 155 (2d Cir. 2014).

GX-108 cannot be admitted through Rules 803(6) and 902(11). It is not a self-authenticating business record. Indeed, "[t]he custodian need not have personal knowledge of the actual creation of the document." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995). But, the Government seems to conclude from the metadata that because the custodian, Hughwon Daniel, last edited the document in 2021, he is the one who entered the information into the record. If he is the one who entered the information about the cameras on Unit 7 North being installed in June 2020, it confirms that the record was not made contemporaneously with the occurrence of the matters set forth in the while, as required by Rule 806. Fed. R. Evid. 806(A). Second, it is unclear from GX-108 and its certification how the record was kept in the course of a regularly conducted activity. Further, it is unclear how the *making* of the record was a regular practice of that activity. Again, it defies credulity that a single-page document, that was created in 2013 and allowed edits between its creation date and 2021, only contains data related to cameras that were installed in June 2020. GX-108 is clearly a summary document of some kind and does not meet the business record requirements under Rule 803(6)(A-C).

The ultimate "determination of whether, in all the circumstances, the records have sufficient reliability to warrant their receipt in evidence is left to the sound discretion of the trial judge." *Saks Int'l*, 817 F.2d at 1013; *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 691 (S.D.N.Y. 2014) (admitting bank statements under FRE 803(6) by taking "judicial notice that banks routinely produce periodic statements for their customers and that those periodic statements reflect any and all deposits, withdrawals, debits and credits during stated periods of time"); *United States v. Rabbani*, 382 F. App'x 39, 41 (2d Cir. 2010) (affirming, by summary order, district court's admission of cellphone records under the business records exception); Cruz v. *Colvin*, No. 17-CV-3757 (JFB), 2019 U.S. Dist. LEXIS 137393, 2019 WL 3817136, at *17 (E.D.N.Y. Aug. 14, 2019) (recognizing that cellphone records were admissible for non-hearsay purpose of identification, as well as under the business records exception).

GX-108 is not a self-authenticating business record. It is not like a bank account statement, call detail record, text message log, utility bill, payroll ledger, credit card transaction record, delivery log or hospital billing statement. It lacks indicia of reliability on its face and cannot be admitted. Fed. R. Evid. 803(6)(E).

For the aforementioned reasons, we move *in limine* for the Court to preclude GX-108 at Mr. Powell's upcoming trial. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/

Kestine Thiele, Esq.
Anthony Cecutti, Esq.

The Government shall respond to Defendant's motion *in limine*, Dkt. 73, by September 21, 2025, at 5:00 P.M.

SO ORDERED.
Date: September 20, 2025
New York, New York

JOHN P. CRONAN
United States District Judge