```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
UNITED STATES OF AMERICA,                                              :
                                                                       :
                                                                       :
                                                                       :
               -v-                                                     :
                                                                       :       23 Cr. 229 (JPC)
MARIO POWELL,                                                          :
                                                                       :       OPINION AND ORDER
                               Defendant.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendant Mario Powell has filed a motion *in limine* to exclude Exhibit "GX-108," which is "a short Excel spreadsheet" seemingly indicating "that certain cameras were installed in and around Unit 7 North at the Metropolitan Correction Center ('MCC') . . . approximately one month after the charged offense was allegedly committed by Mr. Powell."  Dkt. 73 ("Deft. Mot.") at 1. Defendant argues that the Exhibit should be precluded because (1) it was untimely disclosed under Federal Rule of Criminal Procedure 16, (2) he has had neither "reasonable" notice nor "fair opportunity" to challenge it and the certification underlying it, as required by Federal Rule of Evidence 902(11), and (3) it lacks trustworthiness under the "business records" hearsay exception, Fed. R. Evid. 803(6). Deft. Mot. at 2-5. In response, the Government argues that its "disclosure of GX-108 was not late, the defendant was not prejudiced by the timing of disclosure, and the Exhibit is straightforwardly admissible as a record of a regularly conducted activity, pursuant to Federal Rule of Evidence 803(6) through a certification compliant with Federal Rule of Evidence 902(11)." Dkt. 76 ("Govt. Opp.") at 1.

The Court denies Defendant's motion, albeit with a procedural caveat. First, based on the Government's representations of when it came into possession of the MCC surveillance camera records, the Government timely disclosed GX-108 under Federal Rule of Criminal Procedure

16(a)(1)(E). As the Second Circuit recently explained, "where the government does not have physical custody, possession, or control over (or an agreement to receive evidence), Rule 16(a)(1)(E) does not require the government to obtain and turn over that piece of evidence," such that when the prosecutor provides the evidence "the following day" after coming into its possession, it "fulfill[s] its obligation—including its continued disclosure obligation—to permit the [defendant] to timely inspect the" evidence. *United States v. Bradley*, 105 F.4th 26, 34-36 (2d Cir. 2024). According to the Government, that is precisely what happened here: it received GX-108 on September 17, 2025 (and received a signed certification from the Exhibit's custodian on September 18), and "provided GX-108 and the Certification to the defense" the next day, September 18. Govt. Opp. at 2; *accord* Deft. Mot. at 1 (acknowledging receipt on September 18).[1] While Defendant claims that the Government's "eleventh-hour disclosure" would "unfairly prejudice" him, Deft. Mot. at 2, the prejudice contemplated by Rule 16 is that "the untimely disclosure . . . adversely affected some aspect of his trial strategy," *United States v. Adeniji*, 31 F.3d 58, 64 (2d Cir. 1994). No such adverse effect exists in this case: as the Government correctly points out, the Exhibit only reinforces that "there is no video surveillance footage of the attack," which the defense has long "known to be true." Govt. Opp. at 4. Thus, the "drastic remedy" of

---

[1] Rule 16 refers to the obligation of "the government" to disclose certain evidence, but it does not "adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis." *United States v. Finnerty*, 411 F. Supp. 2d 428, 433 n.3 (S.D.N.Y. 2006) (Chin, J.) (internal quotation marks and citation omitted). Instead, Rule 16 requires the prosecution to disclose those documents that "are in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the prosecution team." *Id.* at 432. While the prosecution received GX-108 from the Bureau of Prisons ("BOP"), Defendant has not shown, or even argued, that the BOP's cooperation in this prosecution is so great as to render it part of the prosecution team such that "the government" possessed the Exhibit for longer than the U.S. Attorney's Office. *See United States v. Volpe*, 42 F. Supp. 2d 204, 220-22 (E.D.N.Y. 1999) (finding that disclosure of material possessed by a different prosecution team within the same U.S. Attorney's Office was not required); *see also United States v. Avenatti*, No. 19 Cr. 374 (JMF), 2022 WL 457315, at *9-11 (S.D.N.Y. Feb. 15, 2022) (outlining the factors which would render a government agency part of the prosecution team for *Brady* purposes).

precluding this evidence "is not warranted" here. *United States v. Wynder*, 147 F.4th 200, 215 (2d Cir. 2025).

Second, Defendant's concerns as to trustworthiness under Federal Rule of Evidence 803(6)(E) have largely been addressed by the Government's provision of the entire file to which GX-108 belongs. *Compare* Deft. Mot. at 3 ("There is nothing self-evident about the provenance and content of a single-page, electronically editable Excel spreadsheet that . . . does not have its original metadata, information about which company or organization hosted or created the document, entries other than those relevant to Unit 7 North, timestamps or author names."), *with* Govt. Mot. at 4-5 ("As the document metadata reflects, the Records were last edited on February 4, 2021—while the MCC was still operational, and more than two years before the defendant was indicted in this case. And they were last edited by . . . the MCC technician who actually coordinated the cameras' installation, and who has signed a certification that the Records were kept contemporaneously and in the ordinary course of the BOP's business."). Defendant does not otherwise challenge the requirements of the business-records hearsay exception, instead arguing that GX-108 "seems to be a summary, a document prepared in anticipation for or for the purposes of litigation, not a business record." Deft. Mot. at 3. But the "temporal focus" for Rule 803(6) "is the time at which the data were recorded, rather than the time at which they were retrieved or printed," meaning that "if the criteria in Rule 803(6)(A)-(C) with regard to timing and regularity of creation and maintenance of computerized business data are satisfied, the fact that such data are retrieved subsequently in response to a subpoena or for other use in litigation does not remove them from the scope of Rule 803(6)." *United States v. Conde*, 134 F.4th 82, 89-90 (2d Cir. 2025). Just so here.

Third, while the Government has not given Defendant so little notice as to warrant preclusion, the Court finds that for him to have "a fair opportunity to challenge" GX-108, Fed. R.

3

Evid. 902(11), it shall not seek to offer that Exhibit into evidence until at least the trial's third day. *Cf.* Fed. R. Crim. P. 16(d)(2)(D) (explaining that a court may "enter any other order that is just under the circumstances").  Given that trial is scheduled to begin September 22, 2025, that means that the Government may not seek to offer GX-108 until September 24.  Such time is reasonable to allow the defense to, *e.g.*, analyze the Exhibit's integrity.

For the above reasons, Defendant's motion is denied, although the Government shall not seek to introduce GX-108 into evidence until at least Wednesday, September 24, 2025.  The Clerk of Court is respectfully directed to close the motion at Docket Number 73.

SO ORDERED.

Dated: September 21, 2025
       New York, New York

JOHN P. CRONAN
United States District Judge

4