UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                                                                  :
         -v-                                                      :
                                                                  :        23 Cr. 229 (JPC)
MARIO POWELL,                                                     :
                                                                  :        ORDER
                                   Defendant.                     :
                                                                  :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Attached to this Order are the Court's current drafts of the verdict form and jury charge.

The parties should be prepared to address any objections to those proposed items at the charging

conference scheduled for September 24, 2025, at 10:00 a.m.

      SO ORDERED.

Dated: September 23, 2025
     New York, New York

                                               JOHN P. CRONAN
                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
    :
UNITED STATES OF AMERICA,     :
    :
    :
    -v-    :
    :
MARIO POWELL,     :    23 Cr. 229 (JPC)
    :
    Defendant.    :    **DRAFT VERDICT FORM**
    :
    :
----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    Do not write anything on this form except to check a response or to sign and date the form.

The Jury's verdict must be unanimous on each question.

**<u>COUNT ONE</u>:**    **Assault of a Corrections Officer**

    How do you find Mario Powell with respect to Count One?


        Not Guilty _____        Guilty _____

***If, and only if,*** *you find Mario Powell guilty of Count One, answer the following questions:*

    Did Mario Powell use a deadly and dangerous weapon?


        No _____        Yes _____


    Did Mario Powell's actions result in bodily injury?


        No _____        Yes _____

**<u>COUNT TWO:</u>**          **Possession of Contraband in a Prison**

How do you find Mario Powell with respect to Count Two?

Not Guilty _____          Guilty _____

\* \* \*

*The Foreperson should ensure that each juror agrees with the answer to each Question that the Jury is required to answer above.  If so, your deliberations have concluded, and the Foreperson and the rest of the jurors should sign and date below.  Then, notify the Marshal that you have reached a verdict.  Do not tell the Marshal what the verdict is.*

Dated: September __, 2025
          New York, New York

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                            :

UNITED STATES OF AMERICA,        :

                            :

                            :

       -v-                   :

                            :       23 Cr. 229 (JPC)

                            :

MARIO POWELL,                 :

                            :

            Defendant.      :

                            :
------------------------------------------------------------------X

**DRAFT JURY CHARGE**

# Table of Contents

I.    Introduction ................................................................................................................ 1

II.    General Instructions ................................................................................................ 2

    A.   Role of the Court ................................................................................................ 2
    B.   Role of the Jury ................................................................................................ 2
    C.   Equality of the Parties ...................................................................................... 3
    D.   Presumption of Innocence ................................................................................ 3
    E.   Proof Beyond a Reasonable Doubt .................................................................. 4
    F.   Nature of the Evidence ..................................................................................... 5
    G.   Direct and Circumstantial Evidence ................................................................ 6
    H.   Inferences ......................................................................................................... 7
    I.   Rulings on Evidence and Objections ............................................................... 8
    J.   Credibility of Witnesses .................................................................................. 8
    K.   Stipulations of Fact ........................................................................................ 10

III.   Substantive Instructions ...................................................................................... 10

    A.   Knowledge, Intent, and Willfulness .............................................................. 10
    B.   Summary of the Indictment ........................................................................... 10
    C.   Conjunctively Charged Counts ...................................................................... 11
    D.   Multiple Counts .............................................................................................. 12
    E.   Variance in Dates ........................................................................................... 12
    F.   Count One: Assault of a Corrections Officer ................................................. 12

        1.   Elements of the Offense ............................................................................. 12
            i.    First Element – Federal Officer ............................................................ 13
            ii.   Second Element – Forcible Conduct ..................................................... 14
            iii.  Third Element – Engaged in the Performance of Official Duties ........... 15
            iv.  Fourth Element – Voluntary and Intentional ........................................ 15
        2.   Deadly or Dangerous Weapon and Bodily Injury ..................................... 15

    G.   Count Two: Possession of Contraband in a Prison ........................................ 16

        1.   Elements of the Offense ............................................................................. 17
            i.    First Element – Inmate Was in Federal Prison ..................................... 17
            ii.   Second Element – Knowing Possession of Object ................................ 17
            iii.  Third Element – Prohibited Object ....................................................... 18

    H.   Venue ............................................................................................................. 18
    I.   Motive ............................................................................................................ 19
    J.   Identification Testimony ................................................................................. 19

IV.   Further General Instructions ................................................................................ 20

    A.   Preparation of Witnesses ................................................................................ 20
    B.   Persons Not on Trial ...................................................................................... 21
    C.   Number of Witnesses ..................................................................................... 21
    D.   Expert Witnesses ........................................................................................... 22
    E.   Law Enforcement or Government Witnesses ................................................. 22

F.   Use of Evidence Obtained Pursuant to Searches and Seizures ........................................ 23

G.   Investigative Techniques ................................................................................................. 23

H.   Uncalled Witnesses ......................................................................................................... 24

I.   Defendant's Right Not to Testify ..................................................................................... 24

V.   Final Instructions Regarding Jury Deliberations ............................................................... 24

A.   Duties of the Foreperson .................................................................................................. 24

B.   Right to See Exhibits and Hear Testimony; Communications with Court ..................... 25

C.   Notes ................................................................................................................................ 26

D.   Improper Considerations:  Race, Religion, National Origin, Sex, or Age ...................... 26

E.   Verdict Form and Return of Verdict ............................................................................... 26

F.   Juror Oath ........................................................................................................................ 27

G.   Everyone Must be Present ............................................................................................... 28

H.   Remaining Issues ............................................................................................................. 28

VI.   Conclusion .......................................................................................................................... 28

## I.  Introduction

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict.

These instructions will include some general guidance about your role and about how you are to decide the facts of the case, including the burden of proof you must apply.  Many of these instructions would apply to any trial.

I will also give you more specific instructions about the legal rules applicable to this particular case, including a description of the elements of the charges against the Defendant, Mario Powell.

And lastly, I will give you instructions on the general rules governing your deliberations.

I will read most, if not all, of these instructions to you.  It is not my favorite way to communicate with a jury, but there is a crucial need for precision in what I tell you.  The law is stated and expressed in words, and those words are very carefully chosen.  So when I tell you the law, it is critical that I use exactly the right words.

I have given each of you a copy of this charge.  If you find it easier to listen and understand while you are following along with me, please do so.  If you prefer, you can just listen and not follow along.  Either way, you will have a copy of these instructions with you in the jury room, so you can refer to them if you want to re-read any portion to facilitate your deliberations.  Because you will have a copy in the jury room, do not worry if you miss a word or two.  For now, listen carefully and try to concentrate on the substance of what I am saying.  I ask for your patience, cooperation, and attention.

1

You will also have with you in the jury room a verdict form on which to record your verdict. That form will list the questions you should consider.

## II.  General Instructions

### A.    Role of the Court

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law, along with the instructions I have given you during the course of the trial, and to apply them to the facts as you determine them.  It has been my duty to preside over the trial and to decide what testimony and evidence were proper under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If anyone has stated a legal principle that is different from any that I state to you in my instructions, it is my instructions that you must follow.  You should consider these instructions together as a whole; in other words, you should not isolate or give undue weight to any particular instruction or part of the instructions.

### B.    Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve whatever conflicts, if any, there may be in the evidence presented by the parties.  You draw whatever reasonable inferences you believe should be drawn from the facts as you have determined them, and you determine the weight of the evidence.  In doing so, remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the law.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to follow the law as I give it to you.  You must not substitute your own notions or opinions of what the law is or ought to be.

2

### C.    Equality of the Parties

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party.  You must remember that all parties stand as equals before a jury in the courts of the United States.  You must also remember that it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

This case is important to Mr. Powell, who is charged with serious crimes.  It is also important to the Government, for the enforcement of criminal laws is a matter of prime concern to the public.

The fact that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, the Government is entitled to no less consideration.  Your verdict must be based solely on the evidence or the lack of evidence.

### D.    Presumption of Innocence

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case.  Mr. Powell has pleaded not guilty.  In doing so, he has denied every allegation charged against him.  As a result of Mr. Powell's plea of not guilty, the burden is on the Government to prove his guilt beyond a reasonable doubt.  This burden never shifts to Mr. Powell for the simple reason that the law never imposes on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

Mr. Powell began this trial with a clean slate.  The law presumes him to be innocent of all charges against him.  This presumption of innocence alone is sufficient to acquit Mr. Powell unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after careful and

impartial consideration of all the evidence in this case. Mr. Powell was entitled to this presumption when the trial began; it remains with him even now as I speak to you; and it will continue with him during your deliberations unless and until you are convinced that the Government has proved his guilt beyond a reasonable doubt.

You must consider each count separately. Your verdict must be unanimous on each and every count of the Indictment. If the Government fails to sustain its burden as to a count, then you must find Mr. Powell not guilty of that count.

### E.    Proof Beyond a Reasonable Doubt

Now, the next question naturally presents itself, what is reasonable doubt? The words almost define themselves. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Reasonable doubt requires more than a belief that a defendant is probably guilty. On the other hand, a reasonable doubt is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

Proof beyond a reasonable doubt therefore does not require the Government to establish proof of guilt as an absolute certainty or beyond all possible doubt. Instead, the Government must establish guilt beyond a reasonable doubt with proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

If after fair and impartial consideration of all the evidence, or the lack of evidence, you have a reasonable doubt as to Mr. Powell's guilt on the count of the Indictment you are considering, then you must find him not guilty of that count. On the other hand, if after fair and impartial

consideration of all the evidence you are satisfied of Mr. Powell's guilt on a particular count beyond a reasonable doubt, it is your duty to find Mr. Powell guilty of that count.

## F.     Nature of the Evidence

In determining the facts, you must rely upon your own recollection of the evidence. What is evidence? Evidence consists of the testimony of witnesses, the exhibits that I have received in evidence, and the stipulations of the parties.

The statements and arguments made by the lawyers are not evidence. Their arguments were intended to convince you what conclusions you should draw from the evidence or lack of evidence. Now, those arguments are important. You should weigh and evaluate them carefully. But you must not confuse them with the evidence. And your recollection of the evidence at trial governs, not the statements of the lawyers.

You should also bear in mind that a question put to a witness is never evidence. It is the answer to the question that is evidence. One exception to this is that you may not consider any answer that I directed you to disregard or that I ordered to be stricken from the record. Any exhibit that was not received into evidence is not evidence. Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection or to question or impeach a witness.

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

Nothing I have said during trial is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation.

At times I may have directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I might have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

### G.     Direct and Circumstantial Evidence

As I mentioned at the beginning of trial, there are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty beyond a reasonable doubt of the crimes with which he or she is charged.

One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on that witness's own knowledge, by virtue of what he or she personally saw, heard, or observed.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning that the sun was shining and it was a nice day outdoors. Assume that throughout the day, the courtroom shades were drawn and you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet. Now, because you were indoors and unable to look

outside to see whether it was raining, you would have no direct evidence as to whether it was raining. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer based on your reason, experience, and common sense from one established fact the existence or nonexistence of some other fact.

To be very clear, circumstantial evidence may be given as much weight as direct evidence. Many material facts, such as state of mind, are not easily proved by direct evidence. Usually, such facts are established by circumstantial evidence and the reasonable inferences you draw. The law makes no distinction between direct and circumstantial evidence but simply requires that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

**H.     Inferences**

I just mentioned inferences. And in their arguments, you have heard the attorneys ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Government may have asked you to draw one set of inferences, while the defense may have asked you to draw another. It is for you, and you alone, to decide whether and what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasonable, logical deduction or conclusion that you, the jury, are permitted—but not required—to draw from the facts that have been established by either direct or circumstantial evidence.

But please remember that while you should rely on your experience and common sense in drawing inferences, you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from facts proved beyond a reasonable doubt or to weigh and evaluate the evidence provided during the trial.

## I.  Rulings on Evidence and Objections

On the topic of inferences, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections. Counsel have not only the right, but the duty, to make legal objections when they think that such objections are appropriate. Nor were my rulings on objections during trial any indication of my views or opinions of this case. Further, do not concern yourself with what was said at sidebar conferences or during my discussions with counsel or the parties outside your presence. Those discussions related to issues of law and are wholly outside of your concern.

## J.  Credibility of Witnesses

I am going to give you a few general instructions as to how you may determine whether witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether they knew what they were talking about. How do you determine that? When evaluating witness credibility, you should use your common sense, good judgment, and life experiences.

Consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest but mistaken. How did the witness's testimony impress you? Did the witness appear to be testifying honestly and candidly? Were the witness's answers direct or were they evasive? Consider the witness's demeanor, manner of testifying, and the strength and accuracy of the witness's recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake.  You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the judge, to decide the credibility of the witnesses who testified and the weight that their testimony deserves.

**K.      Stipulations of Fact**

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

## III.  Substantive Instructions

**A.      Knowledge, Intent, and Willfulness**

During these instructions, you will hear me use the words "knowingly" and "intentionally." I will define these terms for you before addressing the individual charges.

A person acts "knowingly" if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

 A person acts "intentionally" when he acts deliberately and purposefully.  That is, a defendant's acts must have been the product of his conscious, objective decision rather than the product of a mistake or accident.

**B.      Summary of the Indictment**

Mario Powell has been formally charged in what is called an Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  You are to give no weight to the fact that an indictment has been returned against Mr. Powell.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

The Indictment contains two counts or "charges."  Count One charges that Mr. Powell assaulted a Corrections Officer at the Metropolitan Correctional Center in New York, New York, on or about May 30, 2020.

Count Two charges Mr. Powell with possessing prohibited objects, namely, objects that were designed and intended to be used as weapons, on or about May 30, 2020, when incarcerated at the Metropolitan Correctional Center.

## C.    Conjunctively Charged Counts

You will note that the conjunctive word "and" is used between certain charging words in the Indictment.  For example, Count One of the Indictment charges that Mr. Powell "did forcibly assault, resist, oppose, impede, intimidate, *and* interfere" with a federal officer.  Where a statute specifies multiple alternative ways in which an offense may be committed, an indictment may allege the multiple ways by using the word "and."  If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that particular alternative.  You therefore should treat the conjunctive "and" as it appears in the Indictment as being a disjunctive "or" for those offenses for which I instruct that there are multiple alternative ways in which the offense may be committed.  Thus, taking as an example the portion of Count One that I just mentioned, it is enough if the evidence shows beyond a reasonable doubt that Mr. Powell assaulted *or* resisted *or* opposed *or* impeded *or* intimidated *or* interfered with the officer.

**D.      Multiple Counts**

As I just indicated, the Indictment contains two counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate unanimous verdict as to each count.  Whether you find Mr. Powell guilty or not guilty as to one offense should not affect your verdict as to the other offense charged.

**E.      Variance in Dates**

Before I describe the specific elements of the alleged offenses, I will advise you that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, but the evidence indicates that the specific act, in fact, occurred on another date.  The law only requires a substantial similarity between the date alleged in the Indictment and the date established by testimony or exhibits.

**F.      Count One: Assault of a Corrections Officer**

As I said, Count One charges Mr. Powell with assault of a Corrections Officer, in violation of Title 18, United States Code, Sections 111(a) and (b).  Count One charges:

> On or about May 30, 2020, in the Southern District of New York and elsewhere, MARIO POWELL, the defendant, knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, while such person was engaged in and on account of the performance of official duties, and in the commission of such act, used a deadly and dangerous weapon and inflicted bodily injury, to wit, POWELL used a razor to forcibly assault a Corrections Officer, which caused a laceration of the Corrections Officer's neck, at the Metropolitan Correctional Center in New York, New York.

**1.  Elements of the Offense**

To satisfy its burden of proof with respect to the conspiracy charged in Count One, the Government must prove beyond a reasonable doubt the following elements:

*First*, that on or about the date specified in the Indictment, the victim, Raheem Uddin, was a federal officer, as I will define that term for you.

*Second*, that at that time, Mr. Powell forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with Mr. Uddin, and this forcible action involved actual physical contact with Mr. Uddin.

*Third*, that at that time, Mr. Uddin was engaged in the performance of his official duties as a federal officer.

*Fourth*, that Mr. Powell acted voluntarily and intentionally and not by mistake or accident.

If you find that the Government has proved beyond a reasonable doubt each of those elements, then you must also determine whether the Government has proved that Mr. Powell used a deadly or dangerous weapon to commit such acts or that Mr. Powell's actions resulted in bodily injury.

### i.    First Element – Federal Officer

The first element that the Government must prove beyond a reasonable doubt is that, on or about the date specified in the Indictment, the victim, Raheem Uddin, was a federal officer.

I instruct you that a federal officer includes a Corrections Officer with the Bureau of Prisons. It is for you to determine, however, if Mr. Uddin held that title at the time in question.

The Government does not have to prove that Mr. Powell knew the identity of Raheem Uddin or that Mr. Powell knew that Uddin was a federal officer. The crime of assault on a federal officer is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the Government to prove that Mr. Uddin was a federal officer at the time of the assault. Whether Mr. Powell knew that Mr. Uddin was a federal officer at the time is irrelevant, and should not be considered by you.

### ii.      Second Element – Forcible Conduct

The second element that the Government must prove beyond a reasonable doubt is that Mr. Powell forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with Mr. Uddin, and this forcible action involved actual physical contact with Mr. Uddin.

Although the Indictment alleges that Mr. Powell forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with Mr. Uddin, I instruct you that it is not necessary for the Government to prove that Mr. Powell did all of those things, that is, assaulted, resisted, opposed, impeded, intimidated, or interfered with.   It is sufficient if the Government proves beyond a reasonable doubt that Mr. Powell did any one of these several alternative acts as charged.   You must, however, be unanimous in your finding of which of the acts has been proven.

**Definition of "forcibly."**   All of the acts—assault, resist, oppose, impede, intimidate, and interfere with—are modified by the word "forcibly."   Thus, before you can find Mr. Powell guilty, you must find beyond a reasonable doubt that he acted forcibly.   Forcibly means by use of force.   Physical force is obviously sufficient.   In order to satisfy this element, the forcible action must involve actual physical contact with Mr. Uddin.

**Definition of "assault."**   An "assault" is an unlawful attempt or offer with force and violence to do injury to the person of another, with such apparent present possibility of carrying out such an attempt as to put the person against whom the attempt was made in fear of personal violence.

**Definition of "resist."**   The word "resist" means opposing by physical power, striving against, exerting one's self to counteract, defeat, or frustrate.

**Definition of "oppose, impede, intimidate, or interfere."**   The word "oppose" means to resist by physical means; "impede" means stopping progress, obstructing, or hindering;

14

"intimidate" means to make timid or fearful, to inspire or affect with fear, to frighten, to deter or overawe; "interfere with" means to come into collision with, to intermeddle, to hinder, to interpose, to intervene.

### iii.    Third Element – Engaged in the Performance of Official Duties

The third element the Government must prove beyond a reasonable doubt is that at the time of the alleged assault, Mr. Uddin was engaged in the performance of his official duties.

You may find Mr. Uddin was so engaged if you find that, at the time of the alleged assault, he was acting within the scope of what he was employed to do.  On the other hand, if you find that Mr. Uddin was involved in a personal venture of his own, you must find that he was not engaged in the performance of his official duties, and you must acquit Mr. Powell of the crime charged.

The Government need not prove that Mr. Powell knew that Mr. Uddin was engaged in the performance of his official duties.  It is sufficient if Mr. Uddin was in fact engaged in the performance of his official duties.

### iv.    Fourth Element – Voluntary and Intentional

The fourth element the Government must prove beyond a reasonable doubt is that Mr. Powell committed the act or acts charged in the Indictment voluntarily and intentionally and not by mistake or accident.

### 2.  Deadly or Dangerous Weapon and Bodily Injury

If and only if you find Mr. Powell guilty on Count One, then you must make two additional findings.  First, you must determine whether the Government has proven beyond a reasonable doubt that Mr. Powell used a deadly or dangerous weapon to assault the victim, Raheem Uddin. Second, you must determine whether the Government has proven beyond a reasonable doubt that the assault directly caused bodily injury.

Whether the object specified in the indictment is a deadly or dangerous weapon depends on the facts of the particular case. Almost any object that, as used, or attempted to be used, may endanger life or inflict serious bodily harm can be a deadly or dangerous weapon. A deadly or dangerous weapon includes a weapon intended to cause death or danger but that failed to do so by reason of a defective component. It is for you to decide, on the facts of this case, whether the razor allegedly used by Mr. Powell was, in fact, a deadly or dangerous weapon.

To "use" a deadly or dangerous weapon means to actively employ it during the commission of the assault. This does not mean that Mr. Powell must have actually employed the weapon to inflict injury on Mr. Uddin, although that would obviously constitute use of the weapon. Brandishing or displaying the weapon so that Mr. Uddin knew that Mr. Powell had it available also constitute use of the weapon. However, the mere possession of the weapon during the commission of the assault without active employment as I just described it would not constitute a use of the weapon.

"Bodily injury" means any injury, no matter how temporary. Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

There is a place on the verdict form in which to record your determination on these questions.

## G.    Count Two: Possession of Contraband in a Prison

Count Two charges Mr. Powell with possession of contraband in a prison, in violation of Title 18, United States Code, Sections 1791(a)(2), (b)(3). Count Two reads as follows:

> On or about May 30, 2020, in the Southern District of New York and elsewhere, MARIO POWELL, the defendant, then an inmate of a prison as defined in Title 18, United States Code, Section 1791(d)(4), to wit, the Metropolitan Correctional Center in New York, New York, made, possessed, and obtained, and attempted to

make and obtain, prohibited objects as defined in Title 18, United States Code, Section 1791(d)(1)(B), to wit, objects that were designed and intended to be used as weapons, to wit, POWELL obtained and possessed razors.

### 1. Elements of the Offense

In order to meet its burden of proof on Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

*First*, that on or about the date specified in the Indictment, Mr. Powell was an inmate in a federal prison;

*Second*, that Mr. Powell knowingly possessed a razor; and

*Third*, that possession of the razor was prohibited.

### i.    First Element – Inmate Was in Federal Prison

The first element that the Government must prove beyond a reasonable doubt is that, on or about the date specified in the Indictment, Mr. Powell was an inmate in a federal prison.  I instruct you that the Metropolitan Correctional Center is a federal prison.

The question for you to determine is whether Mr. Powell was an inmate at that institution at the time specified in the Indictment.  If you find that Mr. Powell was imprisoned at that time, you are not to consider that fact for any other purpose.  You are not to speculate as to why he was in prison.

### ii.    Second Element – Knowing Possession of Object

The second element that the Government must prove beyond a reasonable doubt is that Mr. Powell knowingly possessed a razor.

To "possess" something means to have that thing within a person's control.  This does not necessarily mean that Mr. Powell must have held it physically, that is, he had actual possession of it on his person.  As long as a razor was within Mr. Powell's control, he possessed it.  If you find

that Mr. Powell either had actual possession of a razor, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the Government has proven possession.

To satisfy this element, you must also find that Mr. Powell knowingly possessed a razor. This means that he possessed it purposely and voluntarily, and not by accident or mistake. However, the Government is not required to prove that Mr. Powell knew that he was breaking the law.

### iii.   Third Element – Prohibited Object

The third element that the Government must prove beyond a reasonable doubt is that possession of the razor was prohibited.  To satisfy this element, the Government must prove that Mr. Powell designed or intended the razor to be used as a weapon.

## H.   Venue

With respect to each count in the Indictment, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  This is called establishing venue.

The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The Government does not have to prove that the completed crime was committed within the Southern District of New York, or that Mr. Powell was ever in the Southern District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.  The act itself need not be a criminal act.  And the act need not have been taken by Mr. Powell, so long as the act was part of the charged offense that you find Mr. Powell committed.

Unlike the elements of the offenses which must be proved beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence. A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

If you find that the Government has failed to prove venue on a particular count, then you must acquit Mr. Powell of that count.

## I.      Motive

Proof of motive is not a necessary element of any of the crimes with which Mr. Powell is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that Mr. Powell is not guilty. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime or crimes may be, or whether that defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance that you may consider as bearing on the intent of Mr. Powell.

## J.      Identification Testimony

The Defense's theory of the case is that the Government has not proven beyond a reasonable doubt that Mr. Powell was not the person who committed the crimes. That Mr. Powell has a theory of defense does not shift the burden to him. But I would like to spend a moment further explaining identification testimony.

One of the most important issues in this case is the identification of Mr. Powell as the perpetrator of the crimes. The Government has the burden of proving identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his identification of Mr. Powell. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the evidence identifying Mr. Powell before you may convict him. If you are

not convinced beyond a reasonable doubt that Mr. Powell was the person who committed the crime, you must find Mr. Powell not guilty.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them all here. I will only suggest to you that you should consider the following matters: Was the witness able to see the offender at the time of the offense? Has the witness's identification of Mr. Powell as the offender been influenced in any way? Has the witness's identification been unfairly suggested by events that occurred since the time of the offense? Is the witness's recollection accurate? Is the witness's identification corroborated by other evidence? In addition, you should consider the credibility of an identification witness just as you would any other witness.

Let me repeat, the burden is on the Government to prove every element of the crimes charged, including the identity of Mr. Powell as the offender. Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have reasonable doubt about whether it was Mr. Powell who committed that crime, you must find him not guilty.

## IV.  Further General Instructions

### A.    Preparation of Witnesses

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with the lawyers. Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, can focus on those subjects, and have the

opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve our time during trial. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of a witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

## B.     Persons Not on Trial

Some of the persons who may have been involved in the events leading to this trial are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged, prosecuted, or tried together in the same proceeding. You may not draw any inference, favorable or unfavorable, toward the Government or Mr. Powell from the fact that certain persons other than Mr. Powell were not named in the Indictment. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors. Whether a person should be named as a co-conspirator or indicted as a defendant in this case or another separate case is a matter within the sole discretion of the United States Attorney and the Grand Jury. Thus, you may not consider it in any way in reaching your verdict as to Mr. Powell.

## C.     Number of Witnesses

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses or introducing the most evidence. You should keep in mind that the burden of proof is always on the Government and that Mr. Powell is not required to call any witnesses or offer any evidence, since he is presumed to be not guilty.

## D.        Expert Witnesses

You have heard testimony from an expert witness by the name of Kara Gregor.  An expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge.  Such a witness is permitted to express his or her opinions on matters about which he or she has specialized knowledge and training.  The parties may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to the expert as well as other witnesses.  In weighing the expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case.  If you find the opinion of the expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.  However, you should not accept witness testimony simply because the witness is an expert.  The determination of the facts in this case rests solely with you, the finders of fact.

## E.        Law Enforcement or Government Witnesses

You have heard the testimony of law enforcement or other government witnesses, such as corrections officers.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of another witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that the witness's testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement or government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

## F.    Use of Evidence Obtained Pursuant to Searches and Seizures

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers.  Evidence obtained from these searches and seizures was properly admitted in this case, and may be properly considered by you.  Indeed, such searches and seizures are entirely appropriate law enforcement actions.  Whether you approve or disapprove of how evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must, therefore, regardless of your personal opinion, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved Mr. Powell's guilt beyond a reasonable doubt.  Once again, however, it is for you to decide what weight, if any, to give to this evidence.

## G.    Investigative Techniques

You have heard reference to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial and law enforcement techniques are not your concern.  Your sole concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of Mr. Powell has been established beyond a reasonable doubt.

### H.    Uncalled Witnesses

During the course of trial, you have heard reference to other persons who did not appear in court to testify.  I instruct you that each party had equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what those witnesses would have testified to had they been called.  Their absence should not affect your judgment in any way.

As I have said, the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and the burden always rests with the Government to prove a defendant's guilt beyond a reasonable doubt.

### I.    Defendant's Right Not to Testify

In a criminal case, a defendant cannot be required to testify, but, if he or she chooses to testify, he or she is, of course, permitted to take the witness stand on his or her own behalf.  In this case, Mr. Powell decided not to testify.  You may not attach any significance or draw adverse inference to the fact that Mr. Powell did not testify.  You may not consider this against Mr. Powell in any way in your deliberations in the jury room, and it should not be discussed.

This is because, under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove Mr. Powell guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

### V.  Final Instructions Regarding Jury Deliberations

### A.    Duties of the Foreperson

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has

reached a verdict, he or she will notify the Court Security Officer that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

**B.      Right to See Exhibits and Hear Testimony; Communications with Court**

A list of the witnesses who testified at trial and of the exhibits introduced into evidence will be sent to you in the jury room, along with a copy of the Indictment, a copy of my instructions on the law, and a copy of the verdict form. You will have a laptop in the jury room that will have uploaded the electronic exhibits that have been received in evidence during the trial. You therefore will be able to access and view any of the electronic exhibits in the jury room on that laptop. And as I mentioned, you will have a list of these exhibits, which should help you identify any exhibits you wish to view on the screen.

In addition, if you want to see any hard copies of the exhibits or to read or hear any of the testimony during your deliberations, that can be arranged. The Bureau of Prisons evidentiary envelope, the blades, the rubber band, and the fabric, which were introduced into evidence as Exhibits 1 through 4, will not be sent back to the jury room, but if you wish to view them again I will arrange for you to see them in this courtroom. Please appreciate that it is not always easy to locate any testimony that you might want, so be as clear and precise as you possibly can. Any communication with me, whether requesting exhibits or testimony or otherwise, should be made in writing, signed by the foreperson with the date and time indicated, and given to the Court Security Officer. Any notes will become part of the record in this case. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of Mr. Powell's guilt until after a unanimous verdict is reached.

### C.    Notes

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have taken should not be given any greater weight or influence in the determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by referring to the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

### D.    Improper Considerations:  Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings—positive or negative—you may have about a defendant's race, religion, national origin, sex, or age.  Mr. Powell and the Government are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

### E.    Verdict Form and Return of Verdict

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign it noting the date and time, and then give a **note**—not the verdict sheet—to the Court Security Officer outside your door stating simply that you have reached a verdict.  **Do not** specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and give the verdict to me in open court when you are all called in.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**F.      Juror Oath**

I remind you that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

Under your oath as jurors, you are not to be swayed by sympathy.  If you let sympathy— or for that matter, prejudice or bias—interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.  Rather, you are to be guided solely by the evidence in this case and the law as I have instructed you.  And as you sift through that evidence, the crucial question for you and you alone to decide as to each count against Mr. Powell is: Has the Government proved each element beyond a reasonable doubt?

If you have a reasonable doubt as to Mr. Powell's guilt with respect to a particular count, then you must render a verdict of acquittal on that particular count.  But, on the other hand, if you find that the Government has met its burden of proving guilt beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that count.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon Mr. Powell if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with me and the issue of punishment may not affect your deliberations as to whether the Government has established Mr. Powell's guilt beyond a reasonable doubt.

**G.      Everyone Must be Present**

You are not to discuss the case unless all jurors are present.  Nine, ten, or even eleven jurors together is only a gathering of individuals.  Only when all twelve jurors are present do you constitute a jury, and only then may you deliberate.

**H.      Remaining Issues**

I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like me to give to you, or if there is anything I may not have covered.

## VI.  Conclusion

Members of the jury, that concludes my instructions to you.  You may now retire to the jury room and begin this phase of your deliberations.  As the first matter of business, please select a foreperson and send me a note, signed, dated, and timed, through the Court Security Officer, telling me whom you have elected as your foreperson.  In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.